United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NELSON DARIO CASTRO ALFARO,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

Case No. 1:26-cv-08178-NW

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 4

Petitioner Nelson Dario Castro Alfaro filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and Motion for a Temporary Restraining Order ("TRO") seeking immediate release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF Nos. 1, 4. For the reasons that follow, the Court DISMISSES the petition without prejudice and denies the TRO as moot.

Based on the parties' submissions, the Court finds the following facts. Petitioner is a citizen of El Salvador who entered the United States on March 25, 2023. *See* ECF No. 1 at 9. On December 10, 2024, Petitioner filed an asylum application with USCIS, though neither party has indicated the current status of that application. *Id.* at 15; ECF No. 9 at 23. Petitioner was convicted for possession of child pornography under Cal. Penal Code § 311.11(a) and robbery under Cal. Penal Code § 211 on February 19, 2026. ECF No. 9 at 23, 25–26, 34–36. He was transferred directly from state to ICE custody on June 30, 2026. *Id.* at 23. That same day, he was served with a Notice to Appeal ("NTA") charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen "present in the United States without being admitted or paroled[.]" *Id.* at 12. On July 8, 2026 his NTA was amended to add an additional charge of inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as "an immigrant who, at the time of application for admission, is not in

possession of" a valid entry document, reentry permit, or visa. *Id.* at 16.

Petitioner argues that his continued detention without a bond hearing violates his Fifth Amendment right to due process. *See* ECF No. 1 at 25–27. Respondents have filed a combined motion to dismiss, and answer to the petition and TRO arguing that Petitioner's detention without a hearing is lawful under 8 U.S.C. §§ 1226(c)(1)(A) and (c)(1)(E). *See* Dkt. No. 9 at 1. The Court rejects Respondents' argument that § 1226(c)(1)(A) is applicable, but finds that detention under § 1226(c)(1)(E) is proper.

As this Court has previously found, where the NTA does not list a charge of inadmissibility that would trigger mandatory detention under § 1226(c)(1)(A), that statute is inapplicable. *See Rosas v. Warden of the California Cty. Det. Ctr.*, No. 1:26-CV-05374-NW, 2026 WL 2996618, at *2 (E.D. Cal. Oct. 5, 2026); *Martinez Bermudez v. Andrews*, No. 1:26-CV-05188-NW, 2026 WL 2921452, at *2 (E.D. Cal. Sept. 29, 2026); *Contreras Contreras v. Wofford,* No. 1:26-CV-04304-NW, 2026 WL 2754261, at *2 (E.D. Cal. Sept. 16, 2026). Under § 1226(c)(1)(A), "[t]he Attorney General shall take into custody any alien who … is inadmissible by reason of having committed any offense covered in section 1182(a)(2)[.]" 8 U.S.C. § 1226(c)(1)(A). Here, the NTA filed by the Government does not cite to § 1182(a)(2), nor does it mention Petitioner's criminal convictions. Accordingly, the Court adopts its prior reasoning from *Rosas v. Warden*, *Martinez Bermudez v. Andrews*, and *Contreras Contrera*, and finds that Petitioner is not detained under § 1226(c)(1)(A).

However, Petitioner's robbery conviction subjects him to detention under 8 U.S.C. § 1226(c)(1)(E). Section 1226(c)(1)(E) makes detention mandatory for any non-citizen charged as "inadmissible" under 8 U.S.C. §§ 1182(a)(6)(A) or (a)(7), and who "is charged with, is arrested for, [or] is convicted of … committing acts which constitute the essential elements of any burglary, theft, [or] larceny[.]" 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). As Petitioner was charged as inadmissible under both section 1182(a)(6)(A) and (a)(7), and was convicted of robbery, § 1226(c)(1)(E) controls his detention.

This does not end the due process inquiry. The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c), but

the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Accordingly, numerous district courts have found that unreasonably long detention periods without a bond hearing may violate the due process clause. *See Keo v. Chestnut*, No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'").

Courts in this Circuit have weighed the following factors to ascertain when prolonged detention pursuant to § 1226(c) violates the Due Process Clause, and entitles the petitioner to a bond hearing: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7. Petitioner has not made a showing as to these factors.

The first factor weighs in the Government's favor. Petitioner has only been in detention for approximately four months, which is still within the period the Supreme Court considered acceptable when finding that mandatory detention under § 1226(c)(1) was facially constitutional. *See Demore v. Kim*, 538 U.S. 510, 530 (2003). Further, Petitioner has not pointed to any facts supporting a finding that his detention has become unreasonably prolonged based on these factors. As such, the Court cannot find that Petitioner is entitled to habeas relief without further evidence that his detention has become indefinite or that it has become unconstitutionally prolonged.

Accordingly, the petition is dismissed without prejudice. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California